**UNITED STATES**

v.

**John Leonard ANDERSON, 167 44 0503, Electrician's Mate Fireman Recruit (E–1), U. S. Navy.**

**NCM 78 1182.**

U. S. Navy Court of Military Review.

Sentence Adjudged 1 March 1978.

Decided 28 Jan. 1981.

CAPT S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Allen F. Elmore, JAGC, USNR–R, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and GLADIS, JJ.

CEDARBURG, Chief Judge:

Appellant was tried by special court-martial on 1 March 1978 by military judge alone. Pursuant to his pleas he was found guilty of five separate specifications of unauthorized absence totaling somewhat less than five months. Appellant had twice previously been awarded nonjudicial punishment. He had a problem with alcohol which had not been resolved by attending, on three occasions, alcohol rehabilitation programs sponsored by the Navy. The military judge imposed a sentence consisting of a bad-conduct discharge, confinement at hard labor for 2 months and forfeiture of $200.00 pay per month for 3 months. The convening authority approved the sentence, but, as a matter of clemency, suspended the bad-conduct discharge with a view to administrative discharge for chronic alcoholism. The findings and sentence thus approved were approved by the supervisory authority and affirmed by this Court, upon submission without specific assignment of error by appellate defense counsel. *United States v. Anderson*, No. 78 1182 (N.C.M.R. 30 November 1978). The record was returned to this Court, however, by Order of the Court of Military Appeals for initial consideration of "factual issues which were neither raised nor litigated . . ." before us.

The pertinent facts are as follows: The five specifications of unauthorized absence which were the subject of the special court-martial at bar were preferred on 2 February 1978. The Commanding Officer of the USS BARNEY (DDG–6) referred the matter to a summary court-martial on 2 February. Appellant objected to trial by summary court-martial and the case was referred on 3 February to a special court-martial convened by the Commanding Officer. The trial, conviction, sentence and subsequent actions detailed above followed.

In a handwritten petition to the Court of Military Appeals asking for review of this Court's decision of 30 November 1978, appellant stated,

> I feel the conviction should be overturned because I was awarded a summary court at NJP. At the pre-trial I was *not* made aware of the differences between a summary and special court. I feel my rights under the UCMJ and the manual on court martials [sic] have been violated. I therefore request the conviction be overturned, and compensation be made for the confinement.

The statement was incorporated and amplified in a subsequent affidavit.

Appellant was represented ably before, during and after the special court-martial by qualified lawyer counsel. Defense counsel was undeniably aware of appellant's refusal to consent to trial by summary court-martial; if appellant's affidavit is to be believed, his contention that his refusal to accept the summary court-martial because he was afraid to make any legal decisions until he saw a lawyer was also known by his detailed defense counsel. Appellant's counsel unsuccessfully attempted to have the convening authority withdraw the referral to a special court-martial and reinstate the referral to a summary court-martial. It should be noted that the counter affidavit of the summary court officer specifically disputes appellant's contention that he was advised he could talk with a lawyer only if he refused a summary court-martial and his case was referred to a special court-martial.

■ Were we to decide the issue of whether appellant has a right to consult with a lawyer prior to making a decision to accept or refuse to consent to trial by summary court-martial we would conclude that there is no such right. The Uniform Code of Military Justice makes no specific provision. It would be difficult to infer a consultation right mandated by the Constitution for these circumstances. Indeed, it would be anomalous if a fundamental right exists, given the lack of any constitutional right to counsel at the summary court-martial itself.

*Middendorf v. Henry,* 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976). *See United States v. Mack,* 9 N.J. 300 (C.M.A.1980); *United States v. Hayes,* 9 M.J. 331 (C.M.A. 1980). While counsel is frequently made available to a military accused to advise about rights in a pending trial by summary court-martial, *United States v. Mack, supra,* the degree to which the practice is followed in the Navy is not compelled by a constitutional, statutory or regulatory requirement. A conviction resulting from a trial by summary court-martial in which counsel was not offered to the accused either to advise him before trial or to represent him at trial is not invalidated. However, the absence of an opportunity to consult with counsel does affect the evidence of the conviction being received in a subsequent court-martial. *Id.; United States v. Booker,* 5 M.J. 238 (C.M.A. 1977), *vacated in part,* 5 M.J. 246 (C.M.A. 1978). Moreover, if we were to decide, on the basis of affidavits submitted by appellant and the summary court officer, whether appellant had been "properly" advised of the differences between a summary and special court-martial, appellant's version would be suspect, given the matter of record, subscribed by the summary court officer at the time of appellant's refusal, that he had been advised in accordance with paragraph 79*d, Manual for Courts-Martial, 1969 (Rev.)* (MCM). Appellant is a college graduate with over three years of service in the Navy at the time of trial, and no neophyte to disciplinary proceedings, with a record of two prior nonjudicial punishments. His level of formal education and experience, both Naval and disciplinary, augurs against an overawed or misguided response when afforded the opportunity to refuse trial by summary court-martial.

Appellant's specific assignment of error is stated as follows:

THE CONVENING AUTHORITY ABUSED HIS DISCRETION IN REFUSING TO WITHDRAW THE OFFENSES FROM A SPECIAL COURT-MARTIAL AND REFER THEM TO A SUMMARY COURT-MARTIAL WHICH APPELLANT REFUSED ONLY AFTER

BEING IMPROPERLY DENIED HIS REQUEST TO CONSULT A LAWYER AS TO HIS ELECTION AND AFTER RECEIVING GROSSLY INADEQUATE ADVICE CONTRARY TO THE PROVISIONS OF PARAGRAPH 79*d*, *MANUAL FOR COURTS–MARTIAL, 1969 (REV.)*.

We must reject appellant's contention for the elementary reason that the circumstances of the special court-martial referral of the offenses and the purported grossly inadequate advice of the summary court officer were surely known by appellant and his counsel at the time of trial. Any objection in the nature of a motion for appropriate relief must be made at that time or it will be considered waived. *See United States v. Dyche*, 8 U.S.C.M.A. 430, 433, 24 C.M.R. 240, 243 (1957). The general rule governing review of claimed errors not raised at trial is well stated in *United States v. Weaver*, 1 M.J. 111, 114 n.1 (C.M.A.1975): "While this Court has stated that it will review material outside the record having to do with insanity and jurisdiction, we adhere to the general rule that appellate courts will ordinarily review claimed errors only on the basis of error as presented to the lower courts." (Citations omitted).

The record before us, except for appellant's post-trial and self-serving allegations, none of which raises any issue of jurisdiction or competence, discloses that relatively serious military offenses were originally referred to a summary court-martial by a convening authority clearly aware of appellant's alcoholism problems. Appellant appeared before the summary court officer who, according to information appearing on the charge sheet, advised him in accordance with paragraph 79*d*, MCM. Thereafter, appellant refused trial by summary court-martial; the convening authority then referred the charges to a special court-martial, an action he could have taken in the first instance. Objection to the referral to a special court-martial was not raised at trial below. Failure to raise any defenses and objections based on defects in the reference for trial, other than objections going to the jurisdiction of the court or a failure of charges to allege an offense, constitutes a waiver. Paragraph 67*b*, MCM. No injustice or due process violation is apparent which would warrant deviating from the requirement that objections be made at the time of trial so that the factual predicate for resolution may be explicated in the trial forum.

The findings and sentence as approved on review below are affirmed.

Judge SANDERS and Judge GLADIS concur.