UNITED STATES

v.

Robert L. SYKES, Jr., 420 88 4980, Private (E–1), U. S. Marine Corps.

NMCM 80 2622.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 8 May 1980.

Decided 30 June 1981.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

CAPT Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge, and BOHLEN and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted at a general court-martial bench trial of numerous offenses in violation of the Uniform Code of Military Justice (UCMJ), and sentenced to a dishonorable discharge, confinement at hard labor for 5 years, and total forfeitures. The convening authority approved the sentence.[1] Subsequently the Commanding Officer, Marine Detachment, U. S. Disciplinary Barracks, partially suspended the forfeitures.

Among other things, the accused argues on appeal that his conviction of indecent assault violates the constitutional requirement of equal protection. We disagree and affirm the findings of guilty of this offense. We shall modify the remaining findings, setting aside those based on improvident pleas, and reassess the sentence.

1. The record does not establish that the substitute defense counsel upon whom the staff judge advocate's review was served entered into an attorney-client relationship with the accused. *See United States v. Brown*, 5 M.J. 454

*Equal Protection*

The accused was convicted of indecently assaulting the victim, a woman Marine, by mounting her, masturbating and ejaculating in her face.

██ Appellate Government counsel initially contends that the accused is not entitled to raise his claim of denial of equal protection for the first time on appeal. Appellate courts will ordinarily review claimed errors only on the basis of error as presented to the lower courts unless a miscarriage of justice would otherwise result. *United States v. Anderson*, 10 M.J. 743 (NCMR 1981); *United States v. Marsh*, 9 M.J. 870 (NCMR 1980); *Frommhagen v. Klein*, 456 F.2d 1391, 1395 (9th Cir. 1972). Only rarely do appellate courts hear constitutional arguments raised for the first time on appeal. *SEC v. Milner*, 474 F.2d 162, 166 (1st Cir. 1973). But examination of an equal protection issue would not necessarily be foreclosed because it was not presented below. Declining to consider issues raised for the first time on appeal is merely a rule of practice. *Cf. Head v. New Mexico Board of Examiners*, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963). Relaxation of this rule is sometimes appropriate when there are significant questions of general impact. *Krause v. Sacramento Inn*, 479 F.2d 988, 989 (9th Cir. 1973). In view of the importance of the issue raised by the accused, we decline to invoke the doctrine of waiver because he did not raise it at trial.

██ Paragraph 213f(2), *Manual for Courts-Martial, 1969 (Rev.)* (MCM), defines an indecent assault as the taking by a man of indecent, lewd, or lascivious liberties with the person of a female not his wife without her consent and against her will, with intent to gratify his lust or sexual desires. The accused submits that the *Manual* sanctions the prosecution of males only for indecent assaults upon females. Appellate Government counsel replies that females may be prosecuted for this offense as

(CMA 1978). Appellate defense counsel conceded, however, during oral argument that the mandate of *United States v. Goode*, 1 M.J. 3 (CMA 1975), was satisfied in the case before us.

principals under Article 77, UCMJ, 10 U.S.C. § 877, and notes that females may be prosecuted for committing indecent, lewd, and lascivious acts with males or females. The maximum punishment for an indecent assault is the same as the maximum punishment for an indecent act. Table of Maximum Punishments, MCM.

The accused argues that there is no rational or constitutional basis for the gender based offense of which he was convicted.

■ The Due Process Clause of the Fifth Amendment encompasses equal protection principles. *Mathews v. deCastro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976). Appellate Government and defense counsel agree that to withstand constitutional challenge, classifications by gender must serve important Governmental objectives and must be substantially related to the achievement of those objectives.[2] *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

We find that the gender based classification in the indecent assault offense serves important Governmental objectives and is substantially related to the achievement of these objectives. The Supreme Court of Arizona upheld the constitutionality of a gender based crime in *State v. Kelley*, 111 Ariz. 181, 526 P.2d 720 (1974), saying:

> In the instant case, we believe that the need for treating males and females differently in enacting the rape statute is clearly reasonable. The statute satisfied the real, if not compelling need to protect potential female victims from rape by males.

However, for obvious physiological as well as sociological reasons we perceive no need by males for protection against females from rape which would be sufficient to demand legislation attention. The fact that the law does not provide the same protection to males as it does to females does not deny the male perpetrator the equal protection of the law. The classification is logical and rational. The individual's, as well as the government's interests are apparent. We do not find the statutes constitutionally infirm.

*See also People v. Gould*, 188 Colo. 113, 532 P.2d 953 (1975). This rationale is equally applicable to indecent assault. We conclude that the President was justified in determining that indecent assaults by females upon males do not represent a social problem, although indecent assaults by males upon females do. It is a matter of common knowledge that most sexual assaults are perpetrated by men against women. These assaults carry with them the danger of serious bodily injury.[3] *Finley v. State*, 527 S.W.2d 553, 556 (Tex.Crim.App. 1975). Therefore, the accused's constitutional challenge to the indecent assault offense must fail.

### Providence

■ We find the accused's guilty pleas to the assault alleged in specification 2 of Charge III and the breach of the peace alleged in Additional Charge I to be improvident. The accused's responses to the military judge's providence inquiry raised the issue of self-defense, even though he indicated he did not fear grievous bodily harm. (R. 67, 72, 79, 80). *See United States v. Jones*, 3 M.J. 279 (CMA 1977).

2. In light of the decision in *Michael M. v. Sonoma County Superior Court*, —— U.S. ——, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), appellate defense counsel abandoned his original position based on the plurality opinion in *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), and the principal opinion in *United States v. Harris*, 8 M.J. 52, 59 (CMA 1979), that classifications based on sex are inherently suspect and must be subjected to close judicial scrutiny.

3. We believe that the gender based classification under attack here also serves the impor-

tant Governmental object of discouraging unwanted pregnancies. Indecent assault is a lesser included offense of rape. An indecent assault is often a prelude to rape. Prevention of pregnancy is a legitimate objective which may be furthered by a gender based classification. *Michael M. v. Sonoma County Superior Court, supra.* In view, however, of appellate Government counsel's concession that prevention of pregnancy is not the objective served by the *Manual's* indecent assault offense, we do not decide the case on this basis.

The military judge did not adequately explore the issue. *United States v. Jemmings,* 1 M.J. 414 (CMA 1976). Therefore, we shall set aside the affected findings.

The remaining assignments of error lack merit and do not warrant discussion.[4]

The court-martial order does not reflect that the military judge rejected the accused's guilty pleas to specification 1 of Charge I and specifications 1, 5, 7, and 8 of Charge IV. A corrected court-martial order reflecting not guilty pleas to these specifications must be issued.

The findings of guilty of specification 2 of Charge III and Additional Charge I and its specification are set aside. These specifications and Additional Charge I are dismissed. The remaining findings of guilty, and upon reassessment, so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for 4 years and 6 months, and total forfeitures (as partially suspended below) are affirmed.

Senior Judge GREGORY and Judge BOHLEN concur.

---

4. Appellate defense counsel conceded during oral argument that *United States v. Flood,* 20 USCMA 148, 42 CMR 340 (1970), is dispositive of the first assignment of error.