UNITED STATES, Appellee,

v.

Private (E-1) Moses PRINCE, Jr., SSN 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, United States Army, Appellant.

SPCM 16829.

U. S. Army Court of Military Review.

30 Aug. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain Jessica A. Polley, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted, *inter alia,* of communicating insulting language to a female, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $334.00 pay per month for three months.

We agree with the appellant's contention that the evidence is insufficient to sustain his conviction. The specification in question alleges that the appellant said, "You are a smart ass!" to a female soldier, Spe-

cialist Five Loy. The language was spoken as Specialist Loy was attempting to calm the appellant, who was being argumentative and disruptive in a medical facility during the early morning hours. After the appellant had repeatedly and profanely refused to obey the orders of the Charge of Quarters, Sergeant Barr, to "be at ease," Specialist Loy approached the appellant and suggested that he be more careful in his language, lest he find himself in serious trouble, to which the appellant responded, "You're not my mother. You're not my father. You don't have to be a smart ass like that." The military judge instructed the court members that insulting language is "the use of language which treats another with shameless effrontery, contempt, or indignity, under circumstances where such language was without justification." This definition conformed to the suggested language in Department of the Army Pamphlet 27–9, Military Judge's Guide, 19 May 1969, as amended by Change 1, 22 October 1969, paragraph 4–158.* After a period of deliberation on findings, the court members questioned whether they could except from the specification the allegation that Specialist Loy is a female, apparently regarding it as irrelevant. The military judge instructed the court that "It's not an offense unless it is communicated to a female ...," and further advised them that the language would not be an offense if communicated to a male.

The military judge was incorrect when he informed the court members that there was no violation of Article 134 unless the language was spoken to a female. Article 134 is "gender neutral." *United States v. Respess,* 7 M.J. 566, 569 (A.C.M.R.), *pet. denied,* 7 M.J. 249 (C.M.A.1979). That the person to whom the language was spoken is a member of the opposite sex may be a relevant circumstance to be considered in determining whether the language was libidinous and whether the speaker's conduct

---

* The successor to the Military Judge's Guide defines "insulting language" as "language which treats another with vulgarity, contempt, or indignity under circumstances where such language was without justification." Department of the Army Pamphlet 27–9, Military Judge's Benchbook, 1 May 1982, paragraph 3–158.

under the circumstances was service discrediting or prejudicial to good order and discipline. However, a listener of the opposite sex is not an essential element of the offense of using obscene, indecent or insulting language in violation of Article 134. *See United States v. Jackson,* 12 C.M.R. 403 (A.B.R.), *pet. denied,* 13 C.M.R. 142 (C.M.A. 1953) (obscene remark by male officer to male enlisted man violated Article 134). Coarse language among soldiers, male or female, does not *per se* constitute a violation of Article 134. Of course, under some circumstances not present in this case, coarse or disrespectful language directed toward another soldier may constitute provoking language in violation of Article 117 if the language is of the type which tends to induce a breach of the peace, or it may constitute a simple disorder under Article 134 when the language is directed toward a service member who, although not an officer or noncommissioned officer, nevertheless is in the execution of a position of authority. *See United States v. Linyear,* 3 M.J. 1027 (N.C.M.R.1977), *pet. denied,* 5 M.J. 269 (C.M.A.1978) (calling a female servicemember a swine not "insulting language to a female" but sufficient to constitute "provoking words" prohibited by Article 117); *United States v. Spigner,* 16 C.M.R. 604 (A.F.B.R.1954) (disrespectful language toward "superior airman" is violation of Article 134).

█ However, except for cases involving an affront to military authority as in *Spigner, supra,* insulting language between soldiers is not a violation of Article 134 unless the language conveys a libidinous message. *See United States v. Linyear, supra* 3 M.J. at 1030; *see also United States v. Choleva,* 33 C.M.R. 599 (N.B.R.1962). Accordingly, we hold that the military judge's definition of "insulting language" was inadequate, notwithstanding that it conformed to the suggested definition in the Military Judge's Guide, *supra,* because it failed to require the court members to find that the language conveyed a libidinous message, either expressly or by implication from the circumstances under which it was spoken.

█ Because of the foregoing instructional deficiencies as well as a lack of any evidence of record that the words took on a libidinous meaning from the circumstances in which they were uttered, we must set aside the finding of guilty. However, in view of the number of serious offenses of which the appellant was properly convicted and the fact the specification in question was treated as multiplicious with the other offenses for sentencing, we are satisfied that the appellant was not burdened with a more severe sentence than he otherwise would have received.

The findings of guilty of Specification 2 of Additional Charge III is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms the sentence.

Senior Judge O'DONNELL and Judge WERNER concur.