**UNITED STATES, Appellee,**

v.

**Specialist Four Cleveland JOHNSON, SSN 263–90–0951, United States Army, Appellant.**

**CM 441840.**

U. S. Army Court of Military Review.

10 Dec. 1982.

Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of committing an indecent, lewd, and lascivious act and an indecent assault, and communicating indecent and insulting language to a female, all in violation of Article 134, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 934 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for six months and reduction to Private E–1.

I. *Indecent, Lewd, and Lascivious Act*

The appellant contends that the evidence is insufficient to sustain his conviction of committing an indecent, lewd, and lascivious act. The court found, by exceptions and substitutions, that the appellant did "wrongfully commit an indecent, lewd, and lascivious act with Specialist Five Jimmie Green, by kissing her on the neck." Specialist Green testified that the appellant approached her while she was cooking some food in the unit day room and asked if he could "have a little bit," and then approached her from behind and kissed her on the neck. We are satisfied, as were the court members, that the appellant's act of kissing Specialist Green, with whom he was only casually acquainted, in a public area, coupled with the double entendre about his desire to "have a little bit," was, under the circumstances, "indecent, lewd, and lascivious." "[A]n act may properly be regarded as lewd or lascivious under some circumstances even though it is not itself indecent." *United States v. Hobbs,* 7 U.S.C. M.A. 693, 700, 23 C.M.R. 157, 164 (1959). *See generally United States v. Jackson,* 31 C.M.R. 738 (A.F.B.R.1962). We find the assigned error without merit.

## II. Indecent Assault

█ The appellant contends that his conviction of indecent assault should be set aside because it is a gender-based offense which fails to meet constitutional requirements of equal protection. The appellant's equal protection argument involves two questions: (1) whether a female who perpetrated the same act on a male would be subject to prosecution, and (2) whether a female who was convicted of perpetrating the same act on a male would be subject to the same punishments as was the appellant. We answer both questions in the affirmative and find the appellant's assignment of error without merit.

The offense of indecent assault has been defined as "the taking by a man of indecent, lewd, or lascivious liberties with the person of a female not his wife without her consent and against her will, with intent to gratify his lust or sexual desires." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 213f(2). This description first appeared in the Manual for Courts-Martial, United States Army, 1949, paragraph 183c, and has been incorporated without change in each subsequent Manual. It apparently was adopted in the 1949 Manual to clarify the discussion of Article of War 96, the general article, but was not intended to add matters of substance. See Seminars Presented During the Orientation Conference on the Manual for Courts-Martial, 1949, Held in the Office of The Judge Advocate General, Washington, D.C. 89 (1948) (found in The Army Library, Pentagon, Washington, D.C.). The 1949 Manual adopted the statutory language used by several civilian jurisdictions. See generally 6A C.J.S. Assault and Battery § 74 (1975); 6 Am.Jur.2d Assault and Battery §§ 24–27 (1963).

There is considerable judicial authority for the proposition that the offense described in paragraph 213f of the current Manual for Courts-Martial can only be committed by a male against a female. See United States v. Parini, 12 M.J. 679, 682 (A.C.M.R. 1981); United States v. Sykes, 11 M.J. 766 (N.M.C.M.R.1981); United States v. Vaughn, 20 C.M.R. 905 (A.F.B.R.1955); United States v. Coleman, 19 C.M.R. 573 (N.B.R.1955). However, while Parini and Sykes, supra, found that a gender-based distinction was constitutionally valid, we do not think that it is necessary to justify paragraph 213f of the Manual on that basis, because we believe that an "indecent assault" committed by a female on a male could be prosecuted and punished in the same manner and to the same degree as the same offense when committed by a male on a female.

Article 134 is gender neutral. See United States v. Prince, 14 M.J. 654 (A.C.M.R. 1982); United States v. Respess, 7 M.J. 566, 569 (A.C.M.R.), pet. denied, 7 M.J. 249 (C.M. A.1979). If the act committed by the appellant were perpetrated by a female upon a male victim, such conduct would constitute a violation of Article 134, notwithstanding the fact that paragraph 213f of the Manual for Courts-Martial does not describe the offense of an indecent assault by a female upon a male. The Manual provisions describing offenses cognizable under Article 134 are merely illustrative. See United States v. McCormick, 12 U.S.C.M.A. 26, 28, 30 C.M.R. 26, 28 (1960). Many offenses which are violations of Article 134 are not specifically described in the Manual for Courts-Martial, but nevertheless have been judicially recognized as offenses. See, e.g., United States v. Pitasi, 20 U.S.C.M.A. 601, 44 C.M.R. 31 (1971) (fraternization); United States v. Sadinsky, 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964) (doing a back flip off an aircraft carrier); United States v. Caldiron, 6 B.R. (ETO) 239 (1944) (willful failure to fly a mission in violation of Article of War 96, as lesser offense of misbehavior before the enemy).

Whether an indecent assault by a female or a male were denominated as "indecent assault" or something else, the punishment would be limited to that for the most "closely related" offense listed in the Table of Maximum Punishments, i.e., indecent assault or a lewd and lascivious act, both of which carry the same penalty as the offense of which the appellant was convicted. See Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127c(1);

*United States v. Mayo,* 12 M.J. 286, 294 (C.M.A.1982). Even if the same act could be punished more severely when committed by a male instead of a female, the constitutional infirmity would extend only to the Table of Maximum Punishments, not to Article 134 itself, which, without reference to gender, merely provides for punishment "at the discretion of the court-martial." Accordingly, since the appellant has not been subjected to prosecution for an offense for which a female could not be prosecuted, nor has he been subjected to greater punishment as a male than would be a female for the same criminal acts, we find his claim that he had been deprived of "equal protection" without merit.

III.   *Indecent and Insulting Language*

█   The appellant contends that the offense of communicating insulting language to a female is pre-empted by Articles 89, 91, and 117 of the UCMJ, 10 U.S.C. §§ 889, 891, 917. We find this assignment of error without merit. *See United States v. Kick,* 7 M.J. 82, 85 (C.M.A.1979).

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.