**UNITED STATES**

v.

**Floyd L. GIPSON, 361 60 1935, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 83 0860.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 8 Dec. 1982.

Decided 21 June 1983.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT Ann D. Carroll, JAGC, USNR, Appellate Defense Counsel.

LT Ronald S. Wasilenko, JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and BARR and MALONE, JJ.

PER CURIAM:

Contrary to his pleas, appellant was convicted at a general court-martial bench trial of four specifications of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928; and three specifications of communicating a threat, one specification of solicitation to commit sodomy, and one specification of indecent assault in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant was sentenced to reduction to E–1, forfeiture of $470.00 per month for twelve months, confinement at hard labor for one year, and to be discharged from the service with a bad-conduct discharge. The convening authority approved the sentence as awarded.

Appellant was charged with indecent assault as follows:

Specification: In that Lance Corporal Floyd L. GIPSON, U.S. Marine Corps, Service Company, Headquarters and Service Battalion (–), First Force Service Support Group (–), Fleet Marine Force, Pacific, Camp Pendleton, California, 92055, did, between on or about 8 October 1982 and 12 October 1982, commit an indecent assault upon Lance Corporal [V], U.S. Marine Corps, by wrongfully exposing both the said Lance Corporal [V]'s and his lower torsos, touching Lance Corporal [V]'s penis with his hand and penis, pressing his exposed lower torso against Lance Corporal [V]'s lower torso—pelvis to pelvis—and engaging in sexually explicit pelvic thrusts, while attempting to kiss Lance Corporal [V] with intent to gratify his lust.

Appellant complains before us, as he did at trial, that, since LCPL [V] is a male, he cannot be convicted of the offense of indecent assault. It is appellant's contention that "indecent assault" is a gender-based offense designed to protect females and cannot, therefore, be committed by a male against a male. Appellant bases his claim upon the following definition of indecent assault: "An indecent assault is the taking by a man of indecent, lewd, or lascivious liberties with the person of a female not his wife without her consent and against her will, with intent to gratify his lust or sexual desires." *Manual for Courts-Martial, 1969 (Rev.)* (hereinafter MCM), paragraph 213f (2). Case law has affirmed this limited definition of indecent assault. *See United States v. Vaughn,* 20 C.M.R. 905 (A.F.B.R. 1955); *United States v. Coleman,* 19 C.M.R. 573 (N.B.R.1955). This gender-based classification has withstood constitutional challenges of equal protection on the grounds that the protection of potential female rape victims is an important Governmental objective, and in so classifying the offense the Government achieves this objective. *See United States v. Parini,* 12 M.J. 679 (A.C.M. R.1981); *United States v. Sykes,* 11 M.J. 766 (N.M.C.M.R.1981).

The constitutional challenge of denial of equal protection was also made in *United States v. Johnson,* 14 M.J. 1029 (A.C.M.R. 1982). The Army Court took a different approach than was taken in *Parini* and *Sykes,* however, and came to the conclusion that the offense of indecent assault passed constitutional muster because it believed that the offense could just as well be committed by a female upon a male as a male upon a female. We concur in the Army Court's reasoning and, by applying it to the instant case, determine that the offense can also just as well be committed by a male upon a male. Article 134 of the UCMJ is on its face gender neutral. It prohibits all conduct that is palpably prejudicial to good order and discipline, brings discredit upon the armed forces, or contravenes a specific enactment of Congress. *United States v. Sadinsky,* 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964); *United States v. Holiday,* 4 U.S.C. M.A. 454, 16 C.M.R. 28 (1954); *United States v. Frantz,* 2 U.S.C.M.A. 161, 7 C.M.R. 37 (1953); paragraph 213*a*, MCM. For example, case law has recognized that the offense of communicating indecent, insulting, or obscene language can be committed by both males and females, and both may be victims of the offense, even though the charge itself would seem to contemplate a male perpetrator and a female victim. *See United States v. Prince,* 14 M.J. 654 (A.C.M. R.1982); *United States v. Respess,* 7 M.J. 566 (A.C.M.R.1979), *pet. denied* 7 M.J. 249 (C.M.A.1979); *United States v. Jackson,* 12 C.M.R. 403 (A.B.R.1953), *pet. denied* 13 C.M.R. 142 (C.M.A.1953). Furthermore, as was noted in *Johnson,* the MCM provisions describing offenses cognizable under Article 134 are merely illustrative. Many offenses that are violations of Article 134 are not specifically described in the MCM, but nevertheless have been judicially recognized as offenses. *See* cases cited in *United States v. Johnson, supra* at 1031. Common sense, if nothing else, tells us that appellant's conduct constitutes a violation of Article 134, notwithstanding the fact that paragraph 213*f* of the MCM does not describe the offense. It is inconceivable to us that one could rationally reach the conclusion that a person subject to military law who commits an obviously "indecent" assault on another is innocent of guilt so long as he limits his activities to a member of the same sex. Accordingly, appellant's claim is rejected. We hold that the sex of the perpetrator and victim in an Article 134, UCMJ, indecent assault offense is irrelevant.

Appellant also contends that the offense of indecent assault is pre-empted by either the offense of assault with intent to commit sodomy under Article 134, UCMJ, or the offense of attempted sodomy under Articles 80 and 125, UCMJ, 10 U.S.C. §§ 880, 925. We find this contention to be without merit. *See United States v. Kick,* 7 M.J. 82, 85 (C.M.A.1979).

Accordingly, the findings and sentence as approved on review below are affirmed.