UNITED STATES, Appellee,

v.

Cleveland JOHNSON, Specialist Four,
U.S. Army, Appellant.

No. 45,485.
CM 441840.

U.S. Court of Military Appeals.

March 12, 1984.

For Appellant: *Captain Edmund S. Bloom, Jr.* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel R. Rex Brookshire II, Major Lawrence F. Klar* (on brief); *Major Robert C. Rhodes.*

For Appellee: *Captain Debbie J. O'Bryan* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Gary L. Hoffman, Captain Thomas E. Booth* (on brief).

*Opinion of the Court*

COOK, Judge:

A general court-martial composed of officer and enlisted members tried the accused for attempted rape, indecent assault upon two different women, and communicating indecent and insulting language, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934, respectively. Despite his pleas and by appropriate exceptions and substitutions, he was convicted of indecent assault; committing indecent, lewd, and lascivious acts; and communicating indecent and insulting language, as charged, in violation of Article 134. He was acquitted of committing an indecent assault upon another of the women. The adjudged and approved sentence extends to a bad-conduct discharge, confinement at hard labor for 6 months, and reduction to the pay grade of private (E–1). The United States Army Court of Military Review affirmed the findings and sentence. 14 M.J. 1029 (1982). We granted accused's petition for review of the following issue:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY NOT DISMISSING THE SPECIFICATION OF CHARGE I, THE OFFENSE OF INDECENT ASSAULT, FOR WHICH APPELLANT WAS CONVICTED AS A GENDER–BASED OFFENSE WHICH FAILS TO MEET THE CONSTITUTIONAL REQUIREMENTS OF EQUAL PROTECTION.

Finding no error, we affirm.

■ The accused was convicted of indecent assault, in violation of Article 134, as a lesser-included offense of attempted rape. Article 134, in language that is obviously gender neutral, prohibits

all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty.

However, paragraph 213f(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition), defines indecent assault as

the taking by a man of indecent, lewd, or lascivious liberties with the person of a female not his wife without her consent and against her will, with intent to gratify his lust or sexual desires.

As thus described, the crime of indecent assault would distinguish between the sexes, and, hence, would be "subject to scrutiny under the Equal Protection Clause." *Reed v. Reed,* 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971). However, the *Manual* does not purport to create or define crimes, since "[t]he President's power as Commander-in-Chief does not embody legislative authority to provide crimes and offenses." Instead, that power "has expressly been limited to the authority to prescribe rules of evidence and procedure and maximum limits upon the punishments which a court-martial may direct. Code, *supra,* Articles 36, 56." *United States v. McCormick,* 12 U.S.C.M.A. 26, 28, 30 C.M.R. 26, 28 (1960).[1] Under the heading "Various Types of Offenses under Article 134," narrative definitions for only 21 of the 75 maximum punishments listed under Article 134 in the Table of Maximum Punishments, paragraph 127c, *Manual, supra,* are given. Para. 213f, Manual, *supra.*

Consequently, there is no *statutory* impediment[2] to charging the crime of inde-

---

1. It is for this Court to provide interpretations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, so "as to at least partially narrow its otherwise broad scope." *Parker v. Levy,* 417 U.S. 733, 752, 94 S.Ct. 2547, 2560, 41 L.Ed.2d 439 (1974).

2. Elsewhere in Appendix 6 of the current Manual for Courts-Martial, United States, 1969 (Revised edition), which is entitled "FORMS FOR CHARGES AND SPECIFICATIONS," the following indecent-assault specification is provid-

ed in Form 128, under the sub-heading "ARTICLE 134," at p. A6–20:

In that _____ did, (at) (on board) _____, on or about _____, 19___, commit an indecent assault upon _____ by _____, with intent to gratify his (lust) (sexual desires).

Under the current "RULES OF CONSTRUCTION" of the Manual, *supra,* App. 3a at p. A3–3, all "words importing the masculine gen-

cent assault against a perpetrator of either sex if the facts so warrant.

■ We should, if possible, seek "an interpretation [3] which supports the constitutionality of legislation." *United States v. National Dairy Products Corp.,* 372 U.S. 29, 32, 83 S.Ct. 594, 598, 9 L.Ed.2d 561 (1963); *see also United States v. Scholten,* 17 M.J. 171 (C.M.A.1984). Indeed, the current version [4] of the Military Judges' Benchbook, Dept. of the Army Pamphlet 27–9, May 1982, uses gender-neutral word combinations such as "female/male" and "wife/husband." *Id.* at 3–259. In addition, the definition of the offense in paragraph 62 of Part IV of the revisions to the *Manual* now circulating for comment are gender neutral:

(1) That the accused assaulted a certain person not the spouse of the accused in a certain manner;

(2) That the acts were done with the intent to gratify the lust or sexual desires of the accused; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Consequently, we find that the merely illustrative language of paragraph 213*f*(2) does not limit the definition of the offense of indecent assault appearing in the Table of Maximum Punishments to male offenders only.

■ Furthermore, even if the *Manual* definition were to be elevated to a statutory level, we would not have to consider the offense in a vacuum but, instead, would look to the entire statutory scheme. *See Country v. Parratt,* 684 F.2d 588, 591 (8th Cir.), *cert. denied* 459 U.S. 1043, 103 S.Ct. 461, 74 L.Ed.2d 612 (1982); *see also Michael M. v. Superior Court of Sonoma County,* 450 U.S. 464, 476, 101 S.Ct. 1200, 1208, 67 L.Ed.2d 437 (1981) (Stewart, J., concurring). Examination of the panoply of offenses listed under Article 134 in the Table of Maximum Punishments discloses the crime of "Indecent or lewd acts with another," which carries the same penalty as indecent assault and is completely gender neutral. Thus, a female could be punished equally as severely as a male for essentially the same conduct.[5] Consequently, we do not have a statutory scheme which imposes an additional sanction on a gender-specific basis. *Michael M. v. Superior Court of Sonoma County, Country v. Parratt,* both *supra.*[6]

der include the feminine as well." Consequently, if followed, Form 128 is gender neutral.

**3.** The United States Army Court of Military Review, in affirming the accused's case, found no gender-based distinction, since the description of Article 134 offenses in the Manual, *supra,* is "merely illustrative," so "an 'indecent assault' committed by a female on a male could be prosecuted and punished in the same manner and to the same degree as the same offense when committed by a male on a female." *United States v. Johnson,* 14 M.J. 1029, 1031 (1982). It is apparent that the existing explanation of indecent assault is a vestigial remnant of a time when there were few females in the armed services and gender distinction was not considered constitutionally infirm. It was adopted from paragraph 183*c* of the Manual for Courts-Martial, United States Army, 1949, which, in turn, had taken the language used by several civilian jurisdictions. *United States v. Johnson, supra* at 1031. However, the United States Navy-Marine Corps Court of Military Review has held that indecent assault has a "gender based classification" which "serves important Governmental objectives and is sub-

stantially related to the achievement of these objectives." *United States v. Sykes,* 11 M.J. 766, 768 (N.M.C.M.R.1981). We agree with the Army Court's rationale.

**4.** The current Military Judges' Benchbook, Dept. of the Army Pamphlet 27–9, May 1982, was not in use at the time of this accused's trial. The instruction guide used there followed the language of paragraph 213*f*(2), 1969 Manual, *supra.*

**5.** An old Air Force Board of Review decision, *United States v. Vaughn,* 20 C.M.R. 905 (A.F.B. R.1955), *pet. denied,* 6 U.S.C.M.A. 843, 21 C.M.R. 340 (1956), held that indecent assault could not be committed on a child of the same sex, but affirmed a finding of committing indecent, lewd, and lascivious acts with another. To the extent that it conflicts with the present opinion, that decision is limited to its historical context.

**6.** In *Country v. Parratt,* 684 F.2d 588, 591 (8th Cir.), *cert. denied,* 459 U.S. 1043, 103 S.Ct. 461, 74 L.Ed 2d 612 (1982), the Nebraska forcible

■ Under either theory, we find no deprivation of the constitutional right to equal protection of the laws, so the failure of the Court of Military Review to dismiss the indecent assault specification as a gender-based offense did not infringe on the accused's constitutional rights.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.

rape statute was challenged. The United States Court of Appeals for the Eighth Circuit found that the Nebraska statutes did provide elsewhere for the punishment of women for sexual assaults, but that the punishment was much less severe than that provided for rape. This is, of course, contrary to the scheme established by Article 134. In *Michael M. v. Superior Court of Sonoma County,* 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), the Supreme Court considered a California statute prohibiting unlawful sexual intercourse with a minor female (statutory ·rape). The Court found a constitutional basis for the gender-based classification when the legislature "elects to punish only the participant who, by nature, suffers few of the consequences of his conduct." *Id.* at 473, 101 S.Ct. at 1206. The dissenters felt that a gender-neutral statutory rape offense was necessary, since a statute "requiring disparate treatment of the two participants in a joint act must be a legislative judgment that one is more guilty than the other." *Id.* at 500, 101 S.Ct. at 1220 (Stevens, J., dissenting). However, even the *Manual* definition of indecent assault would presumably meet this test, since absence of consent is an element of the offense.