### UNITED STATES of America, Defendant-Appellee,

### v.

### Dennis SANGREY, Plaintiff-Appellant.

### No. 80–3116.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1981.

Decided April 16, 1981.

Chris J. Nelson, Billings, Mont., for plaintiff-appellant.

Sara Criscitelli, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WRIGHT and NELSON, Circuit Judges, and THOMPSON,* District Judge.

NELSON, Circuit Judge:

Appellant was convicted of carnal knowledge of a female Indian under sixteen years of age in violation of 18 U.S.C. § 1153 and § 2032. He was sentenced to ten years pursuant to 18 U.S.C. § 5010(c). Following the affirmation of his conviction, the Appellant petitioned the district court to vacate and set aside the judgment and sentence, claiming that 18 U.S.C. § 2032 is unconstitutional on its face because it discriminates against men. This is an appeal from the final order of the district court denying that motion.

This case was submitted on the briefs without oral argument on January 5, 1981. Because on that date a case was pending before the Supreme Court which presented

---

* The Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

the issue of the constitutionality of a statute nearly identical to section 2032, submission of this case was deferred until *Michael M. v. Superior Court* was decided. The case is now submitted.

In *Michael M. v. Superior Court*, —— U.S. ——, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981), the Supreme Court was faced with the question of whether California's "statutory rape" law, Cal.Pen.Code § 261.5, violated the equal protection clause of the fourteenth amendment of the United States Constitution. Section 261.5 defines such unlawful sexual intercourse as "an act of sexual intercourse accomplished with a female not the wife of the perpetrator, where the female is under the age of 18 years." While the Court did not completely agree on a rationale for its decision, the Court rejected the equal protection challenge and upheld the statute as constitutional. —— U.S. ——, ——, 101 S.Ct. at 1208, 1211 (opinion of Justice Rehnquist, joined by Chief Justice Burger, Justice Stewart, and Justice Powell), (opinion of Justice Blackmun).

> The statute in the case at hand provides:
>
> Whoever, within the special maritime and territorial jurisdiction of the United States, carnally knows any female, not his wife, who has not attained the age of sixteen years, shall, for a first offense, be imprisoned not more than fifteen years, and for a subsequent offense, be imprisoned not more than thirty years.

Although no opinion speaks for the majority of the Court, because section 2032 does not differ in any significant respect from the statute in *Michael M.*, it is clear that section 2032 likewise is constitutional. Thus, the district court's refusal to vacate the conviction and sentence was proper.

AFFIRMED.