**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**McDonald HICKS, Eli Davis, Jr.,
Defendants-Appellees.**

**No. 78–2534.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1979.

Decided Sept. 8, 1981.

Dale Danneman, Asst. U. S. Atty., Phoe-
nix, Ariz., argued, for plaintiff-appellant;
William F. Woods, Asst. U. S. Atty., Phoe-
nix, Ariz., on brief.

J. Douglas McVay, David M. Ochoa, Asst.
Federal Public Defender, Phoenix, Ariz., for
defendants-appellees.

ORDER

Before WALLACE and TANG, Circuit
Judges, and WHELAN,* District Judge.

The Supreme Court has vacated and re-
manded our initial disposition of this case,
625 F.2d 216 (9th Cir. 1980), *vacated,* ——

**PEOPLE of the TERRITORY of GUAM,
Plaintiff-Appellant,**

v.

---

* Honorable David W. Williams, United States
District Judge for the Central District of Cali-
fornia, sitting by designation.

* Honorable Francis C. Whelan, United States
District Judge, Central District of California,
sitting by designation.

U.S. ——, 101 S.Ct. 1752, 68 L.Ed.2d 233 (1981), in light of its decision in *Michael M. v. Superior Court*, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981). Since then, another panel of this court has held that 18 U.S.C. § 2032, the statute involved in the case before us, does not deny equal protection of the law. *United States v. Sangrey*, 648 F.2d 597 (9th Cir. 1981). Therefore, we reverse the dismissal of the indictment against Hicks and Davis, and remand for further proceedings.

REVERSED AND REMANDED.

WALLACE, Circuit Judge, concurring:

I concur in the order of the majority and add what I believe to be a proper explanation of the posture of this case.

The Supreme Court vacated and remanded our initial disposition of this case, 625 F.2d 216 (9th Cir. 1980), *vacated*, —— U.S. ——, 101 S.Ct. 1752, 68 L.Ed.2d 233 (1981), in light of its decision in *Michael M. v. Superior Court*, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981). In *Michael M.*, the Court rejected a claim that a California statutory rape law violated the Equal Protection Clause of the Fourteenth Amendment. The Court had before it the finding of the California Supreme Court that the gender-based classification in the statute was designed to prevent illegitimate teenage pregnancies. The Supreme Court observed that the finding of the California Supreme Court was entitled to great deference.

In our original opinion, we did not hold that statutory rape statutes that punish only the male are unconstitutional. The opinion does not turn on whether the Equal Protection Clause was violated, but focuses on the question of the burden of proof. Relying on the Supreme Court and our own cases, we held that "once an appropriate party invokes constitutional scrutiny of a statutory gender-classification, the government must shoulder the burdens of producing evidence and proving a constitutionally-sufficient justification." 625 F.2d at 219 (footnote omitted). There is no question but that the statute contains a gender-clas-

sification: under the statute only men can be prosecuted. Thus, the burden of demonstrating the constitutionality of the statute fell on the government.

It is clear, at least prior to *Michael M.*, that the government's burden included the production of evidence to demonstrate what the objectives of the statute are and how those objectives are substantially furthered by punishment only of the male. I do not read *Michael M.* to have changed that rule. In the case before us, the government simply failed to produce any evidence. The government merely made unsupported assertions of statutory purpose. As our opinion concludes:

> We do not question that the government's assertions might be correct.... But it was the government's obligation to provide us in this case with evidence supporting its claimed justifications. Here the government, having produced no evidence, would have us reject a criminal defendant's constitutional challenge in a factual vacuum. This we cannot do.

*Id.* at 220–21.

*Michael M.* apparently had a different factual record than the one before us. In *Michael M.*, the Court stated:

> The justification for the statute offered by the State, and accepted by the Supreme Court of California, is that the legislature sought to prevent illegitimate teenage pregnancies. That finding, of course, is entitled to great deference.... And although our cases establish that the State's asserted reason for the enactment of a statute may be rejected, "if it could not have been a goal of the legislation," ... this is not such a case.

450 U.S. at 470, 101 S.Ct. at 1205 (citations omitted).

We still have before us no finding concerning the purpose of the statute before us. Nonetheless, since *Michael M.*, our court has decided the legal question before us. Another panel of this court, undoubtedly with a fuller factual record before it, held that 18 U.S.C. § 2032, the statute involved in the case before us, does not deny

equal protection of the law. *United States v. Sangrey*, 648 F.2d 597 (9th Cir. 1981). Therefore, I concur that we should reverse the dismissal of the indictment against Hicks and Davis, and remand for further proceedings.