**UNITED STATES**

v.

**Carl H. SCOTT, Seaman Radioman, U.S. Coast Guard.**

**CGCM 0028.
Docket No. 939.**

U.S. Coast Guard Court of Military Review.

19 Feb. 1991.

Military Judge: CAPT Douglas A. Smith, USCG.

Trial Counsel: CDR Stephen R. Campbell, USCG.

Assistant Trial Counsel: LT Christopher Abel.

Detailed Defense Counsel: LT Kevin Collins, USCG.

Civilian Defense Counsel: Anthony J. Nocolo, Esquire.

Appellate Defense Counsel: CDR Terrance M. Edwards, USCG.

Appellate Government Counsel: CDR Richard T. Buckingham, USCG.

Before Panel One BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

This case presents a scene of marital infidelity as old as history itself: an aggrieved spouse walking in unexpectedly on the mate and a partner *flagrante delicto*. Here, the wife, a Coast Guard petty officer, returned home prematurely from Coast Guard duties to find her husband, the accused, in bed with the 15 year old baby sitter. The ensuing angry confrontation prompted the accused to flee, drive away in an inebriated state, and remain absent from home and work for 13 days. In the process of his rapid departure, the wife, who blocked the accused's exit, was knocked aside, resulting in a charge of assault, in violation of Article 128, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. § 928. The accused was also charged with unauthorized absence for the 13 days he was gone and for operating a motor vehicle while drunk in violation of Articles 86 and 111, UCMJ, 10 U.S.C. §§ 886, 911.

He pled guilty to these offenses, as well as to a specification alleging an earlier failure to go to his appointed place of duty, and to a wrongful use of cocaine specification, which was alleged to have occurred on

the last day of his 13 days absence. These offenses were in violation of Articles 86 and 112a, UCMJ, 10 U.S.C. § 912a. The accused also pled guilty to one specification of communicating indecent language to a child under 16, in violation of Article 134, UCMJ, 10 U.S.C. § 934, by asking the baby sitter to expose her breasts. Based on his pleas, appellant was convicted of all offenses. He has not challenged these findings. He has, however, attacked the findings of guilty for the one remaining offense, to which he also pled guilty, carnal knowledge of the 15 year old baby sitter, in violation of Article 120, UCMJ, 10 U.S.C. § 920. He has also taken issue with the adjudged sentence based on the *ratio decidendi* of *U.S. v. Roach*, 26 M.J. 859 (C.G.C.M.R.1988), *aff'd* 29 M.J. 33 (C.M.A. 1989). That sentence, a bad conduct discharge, confinement for two years, forfeiture of all pay, and reduction to pay grade E-1, was approved by the Convening Authority as falling within the terms of a pretrial agreement. The assignments of error, which have been orally argued to the Court, are as follows:

## I

APPELLANT'S PLEA OF GUILTY TO COMMITTING THE OFFENSE OF CARNAL KNOWLEDGE WAS IMPROVIDENT BECAUSE CONVICTION UNDER ARTICLE 120(b), UCMJ, AS APPLIED, VIOLATED APPELLANT'S RIGHT TO EQUAL PROTECTION OF THE LAW UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## II

THE FAILURE OF APPELLANT'S COMMAND TO COMPLY STRICTLY WITH THE PROVISIONS OF THE COAST GUARD PERSONNEL MANUAL CONCERNING IDENTIFICATION AND TREATMENT OF APPELLANT'S ALCOHOLISM, THEREBY CONTRIBUTING SIGNIFICANTLY TO THE LIKELIHOOD THAT HE WOULD COMMIT ALCOHOL RELATED OFFENSES, REQUIRES SUBSTANTIAL SENTENCE REDUCTION PURSUANT TO THE *RATIO DECIDEN-*

*DI* OF *UNITED STATES V. ROACH*, 26 M.J. 859 (C.G.C.M.R.1988), *AFF'D* 29 M.J. 33 C.M.A.1989.

## I

 Appellant argues that his conviction of the crime of "carnal knowledge" violates his right to equal protection under the U.S. Constitution's Fifth Amendment because the statute delineating this offense discriminates against him by making only men susceptible to prosecution and conviction. Citing *United States v. Sykes*, 11 M.J. 766 (N.M.C.M.R.1981), *pet. denied*, 12 M.J. 106 (C.M.A.1981), appellant further contends that, despite his failure to raise this issue at trial and despite his plea of guilty, he is not precluded from advancing this contention on appeal because it is a question of constitutional dimension. In support of this assertion, appellant asks us to compare *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (counseled plea of guilty did not bar appeal alleging violation of Double Jeopardy Clause of the Fifth Amendment); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (guilty plea did not preclude claim that indictment on a felony charge was "vindictive," where it followed the filing of an appeal of a misdemeanor conviction arising from same incident); *Country v. Parratt*, 684 F.2d 588 (8th Cir 1982), *cert. denied*, 459 U.S. 1043, 103 S.Ct. 461, 74 L.Ed.2d 612 (1982) (plea of no contest does not preclude a defendant from claiming the statute under which he pleaded is unconstitutional); Moreover, based on *Mathews v. de Castro*, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976); *Schlesinger v. Ballard*, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975); *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *United States v. Houston*, 12 M.J. 907 (N.M.C.M.R.1982), appellant argues that although the Due Process Clause of the Fifth Amendment does not contain an Equal Protection clause, as does the Fourteenth Amendment, it provides equivalent protection from discriminating actions on the part of the Federal Government.

█ We concur with appellant's assertion concerning the equal protection afforded by the Fifth Amendment and we agree that he may raise the issue before this Court notwithstanding his plea of guilty and the failure to develop the constitutional challenge at the trial level. We will address the issue of whether the military offense of carnal knowledge violates appellant's right to equal protection under the Fifth Amendment.

Article 120(b), UCMJ, 10 U.S.C. § 920(b), specifies that: "Any person subject to this chapter who, under circumstances not amounting to rape, commits an act of sexual intercourse with a female who has not attained the age of sixteen years, is guilty of carnal knowledge and shall be punished as a court-martial may direct." Clearly, as asserted by appellant, this statutory provision makes only men susceptible to prosecution and conviction for the offense of carnal knowledge. Appellant acknowledges, however, that the U.S. Supreme Court in *Michael v. Superior Court of Sonoma County*, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981) was confronted with a similar California statute and upheld its constitutionality in the face of the same kind of equal protection attack that the appellant has advanced with respect to Article 120(b). Notwithstanding that decision, appellant submits that his conviction should be held violative of his right to Equal Protection of the law under the Fifth Amendment in light of subsequent legislation which makes *Michael v. Superior Court of Sonoma County, supra,* readily distinguishable from the facts in this case.

Citing *U.S. v. Houston, supra,* a case involving unequal confinement facilities for women, appellant says the proper test for deciding whether gender based classification denies equal protection requires answers to two questions: (1) whether such classification serves important governmental objectives and (2) whether the gender classification is substantially related to the achievement of those objectives.

With respect to the first question, appellant submits that the government has made no showing that the gender based carnal knowledge provision in the Uniform Code Military Justice serves any important governmental objectives. Furthermore, he contends that even if the government can establish such objectives, prosecution under the male-only military offense of carnal knowledge was not necessary in order to meet these objectives.

According to appellant, government objectives could have been met satisfactorily by charging appellant with violation of 18 U.S.C. § 2243, the gender-neutral offense of sexual abuse of a minor, which was passed by Congress in 1986 to correct an equal protection shortcoming in existing law.[1] That statute provides, in pertinent part:

(a) [Sexual Abuse] Of A Minor. Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who—
(1) has attained the age of 12 years but has not attained the age of 16 years; and
(2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than five years, or both.

18 U.S.C. § 2243

Appellant contends that since the alleged offense occurred in Government (Navy) housing, onboard U.S. Naval Security Group Activity, Northwest, Chesapeake, Virginia, a location he says is presumptive-

---

1. The legislative history of the Sexual Abuse Act of 1986, Pub.L. 99–646, § 87(b), 10 Nov. 1986, 100 Stat. 3621 and Pub.L. 99–654, § 2, 14 Nov. 1986, 100 Stat. 3661, which is codified as 18 U.S.C. § 2243, reflects the following comments from the judiciary committee's report on House of Representatives bill 4745:

"Current Federal law is gender-biased and incomplete in the protection it offers from sexual abuse. Only females can be victimized....

H.R. 4745 is drafted broadly to cover the widest possible variety of sexual abuse, and to protect both males and females from that abuse(FN41). FN41. Thus, a female can be victimized by a male or female, and a male by a male or a female...."
H.R.REP. NO. 99–594, 99th Cong., 2nd Sess. p. 11 & 12 (1986), U.S.Code Cong. & Admin.News 1986, pp. 6186, 6191–6192.

ly within the "special maritime and territorial jurisdiction of the United States," he could have been charged under 18 U.S.C. § 2243 pursuant to the "crimes and offenses not capital" clause of Article 134, UCMJ. *See* Part IV, par. 60c(4), MCM 1984.

Appellant's position is that prosecution under this provision would have satisfied any legitimate objectives the Government may assert, while at the same time affording him equal protection under the Constitution and significant additional protections not provided by Article 120, UCMJ.[2] For these reasons, appellant contends we should set aside his conviction under Article 120, UCMJ as having been obtained in violation of his right to Equal Protection of the law under the Fifth Amendment to the Constitution.

In response, the Government asserts that there is no need whatsoever to make findings as to important governmental objectives in order to resolve appellant's equal protection claim. In the Government's view, this Court may summarily reject appellant's argument on the basis of *Michael M. v. Superior Court of Sonoma County, supra;* and a collection of 9th Circuit Court of Appeals opinions, *U.S. v. Hicks,* 625 F.2d 216 (9th Cir., 1980), *vacated,* 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 233 (1981), *reversed,* 657 F.2d 244 (9th Cir., 1981); *U.S. v. Sangrey,* 648 F.2d 597 (9th Cir., 1981); *Gray v. Raines,* 662 F.2d 569 (9th Cir., 1981). Both *U.S. v. Hicks, supra* and *U.S. v. Sangrey, supra,* involved prosecutions

under 18 U.S.C. 2032[3], the earlier federal statutory rape law (carnal knowledge of a female under 16) virtually identical to Article 120(b), UCMJ. *Gray v. Raines, supra,* involved a statutory rape law in Arizona. In all three cases, challenges based on a gender-based equal protection argument were rejected in summary fashion in reliance on the Supreme Court's decision in *Michael M. v. Superior Court of Sonoma County, supra.*

We agree with the Government that these cases would justify our rejection of appellant's argument without anything more. In addition, however, the Government has set forth a variety of valid important governmental objectives that could be developed in any evidentiary hearing on this matter or, in our view, may be judicially noted by this Court. For example, the Government cites the following reasons for such a statute as Article 120(b), UCMJ: minimizing the stress and trauma to military families and the military community as a whole caused by teenage pregnancy among dependent children, preventing unwanted pregnancies among dependent girls, protecting dependent girls from the physical and emotional trauma of teenage pregnancies, minimizing the risk of maternal death to dependent girls, minimizing the expense and burden to the military health care system which would result from numerous pregnant dependent children, and the military's need to police itself and thereby maintain good relations with local authorities and the populace wherever

---

**2.** In the words of appellant's brief some of the additional protections afforded by the gender-neutral 18 U.S.C. § 2243 are:

First, it creates what might be termed a "young lovers" exception, *viz.* the requirement for "at least four years" difference in ages. To illustrate, an 18 year old Coast Guard Seaman who engages in sexual intercourse with his 15 year old girlfriend may be tried and convicted under Article 120, UCMJ, for "carnal knowledge." Under 18 U.S.C. 2243, no offense has even been committed. Second, subsection, (c) of the statute specifically provides that "it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years." Contrast this with the proscription applied to the defense case under

Article 120, UCMJ. "It is no defense that the accused is ignorant or misinformed as to the true age of the female ... it is the fact of the girl's age and not his knowledge or belief which fixes criminal responsibility." Part IV ¶ 45c(2), MCM 1984. Finally, the disparity in maximum punishments is huge. As stated, 18 U.S.C.S. 2243 provides for a fine and imprisonment for "not more than five years, or both." The maximum punishment for "carnal knowledge" under Article 120, UCMJ, is "[d]ishonorable discharge, forfeiture of all pay and allowances, and confinement for 15 years." Part IV, ¶ 45e(2), MCM 1984. Appellate Defense Brief at p. 13.

**3.** As pointed out by the Government this is the statute replaced by 18 U.S.C. § 2243 when Congress enacted the Sexual Abuse Act of 1986.

armed forces may be stationed—on domestic or foreign soil.

We find the Government's argument persuasive. In evaluating this matter, we have judicially noted the worthy objectives cited by the Government as fully justifying the gender classification in Article 120(b), UCMJ. Moreover, we believe that limiting the crime of carnal knowledge to men only is substantially related to achievement of these objectives. Based on *Michael M. v. Superior Court of Sonoma County, supra*, we find Article 120(b), UCMJ to be constitutional. Accordingly, there was no need for the government to prosecute appellant under some other statute, such as 18 U.S.C. § 2243. Assignment of error I is rejected.

## II

■ In his second assignment or error, appellant submits that both the record below and his service record are replete with evidence of his alcoholism. Moreover, he contends that his superiors were well aware of the problems caused by his drinking, but made at best only a half-hearted attempt to seek treatment for him. According to appellant, the command never complied with the requirements of the Coast Guard Personnel Manual in this regard. He asks us to take judicial notice of that Manual and its pertinent articles, which we will so note.

Based on his assertion that the Coast Guard failed to follow its own regulations with respect to alcohol abuse, appellant says the Coast Guard should bear some responsibility for the offenses resulting from his drinking to excess on the evening of 26 June 1989. Those offenses which he says resulted were: operating a motor vehicle while drunk, carnal knowledge, assault and battery, and indecent language to a child under 16 years of age. Appellant argues that if his command had acted responsibly and in accordance with the Personnel Manual, he would have either received the treatment he so desperately needed or he would have been discharged from the service well before the events of 26 June 1989. Instead, he finds himself convicted

of serious offenses with substantial punishment imposed. Citing this Court's admonitions concerning command responsibilities to a known alcoholic accused in *U.S. v. Roach*, 26 M.J. 859 (C.G.C.M.R.1988), *aff'd* 29 M.J. 33 (C.M.A.1989), appellant submits that there should be a reassessment of the sentence and substantial reduction of the punishment.

In response, the Government, says this case is so dissimilar to *U.S. v. Roach, supra*, that any comparison between the two is inappropriate. The Government first points to the record as indicating that there was an inadequate basis for appellant's command to say that he had a drinking problem and to take the necessary steps that followed from such a determination. Furthermore, Government Counsel contends that both appellant and his counsel at trial were in accord with that view. According to the Government, it is only subsequent to trial that appellant says the command should have seen him as an alcoholic needing treatment. Accordingly, the government argues that this case is in marked contrast to the facts in *Roach, supra*, where a known alcoholic already pending administrative discharge for alcohol abuse was taken to sea rather than being left ashore for treatment awaiting the administrative discharge. Thereafter, he was allowed on liberty in Key West, simply with an order not to drink alcohol.

We concur with the Government's assessment of the differences between the instant case and the facts in *Roach, supra*. Accordingly, we find no basis for applying the rationale from *U.S. v. Roach*. Assignment II is rejected.

We have reviewed this case under the terms of Article 66, UCMJ, 10 U.S.C. § 866 and have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judge SHKOR concurs.

**650**

BRIDGMAN, Judge, (concurring):

I concur fully with the opinion of Judge Baum and agree that the result, in this case, is not inappropriate, but I am disturbed by the reach of Article 120, UCMJ, which is clearly sexually biased. Whether the retention of the military offense of carnal knowledge under Article 120, UCMJ is the deliberate choice of those entrusted with recommending and enacting changes to the Uniform Code of Military Justice, or is merely the result of oversight or neglect, it remains the law today and we are bound to apply it. However, significant changes have taken place in the armed services, and society as a whole, since enactment of the Uniform Code of Military Justice over forty years ago. I would recommend to the Code Committee established by Article 146, UCMJ, 10 U.S.C. § 946, and to Congress, a reexamination of this statute and all other offenses under the UCMJ that are sexually biased.