**UNITED STATES**

v.

**Gregory G. LINYEAR, 126 46 3758,
Private First Class (E–2), U. S.
Marine Corps.**

**NCM 77 0209.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 Nov. 1976.

Decided 23 Aug. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel; LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, Senior Judge, and GLADIS and GRANGER, JJ.

GLADIS, Judge:

Appellant stands convicted of assaulting a fellow Marine and communicating insulting language to a female, in violation of Articles 128 and 134, 10 U.S.C. §§ 928 and 934. The sentence as approved below consists of a bad conduct discharge, confinement at hard labor for 2 months, forfeiture of $240 per month for 2 months, and reduction to pay grade E–1.

Appellant initially assigned the following errors:

I. IN VIEW OF THE TESTIMONY OF FIRST SERGEANT BOYD THAT APPELLANT WAS ASSIGNED TO THE RIFLE RANGE (R. 21–22) AND THE MILITARY JUDGE'S ADMISSION OF THE OBVIOUS HEARSAY TESTIMONY OF CAPTAIN JANSEN THAT APPELLANT WAS NOT AT THE RIFLE RANGE (R. 24), IT WAS ERROR FOR THE MILITARY JUDGE TO PROCEED WITH THE TRIAL IN THE ABSENCE OF APPELLANT. *UNITED STATES v. COOK*, 20 U.S.C.M.A. 504, 43 C.M.R. 344 (1971).

II. THE MILITARY JUDGE ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS CHARGE IV AS VAGUE OR TO TREAT THE OFFENSE AS AN ALLEGED VIOLATION OF ARTICLE 117.

III. THE CONVENING AUTHORITY'S ACTION FAILS TO SHOW THAT THE ADVERSE MATTER CONSIDERED IN TAKING HIS ACTION WAS REFERRED TO APPELLANT OR HIS COUNSEL FOR REBUTTAL AS REQUIRED BY 0123f JAGMAN.

The Court requested briefs on the following issues:

I. DID REFERRAL OF CHARGE IV AND ITS SPECIFICATION ALLEGING THAT THE ACCUSED COMMUNICATED TO PRIVATE D, A FEMALE, INSULTING LANGUAGE, TO WIT: "SWINE" VIOLATE THE ACCUSED'S CONSTITUTIONAL RIGHT TO EQUAL PROTECTION OF THE LAWS? UNDER THE CIRCUMSTANCES OF THIS CASE WAS THERE A RATIONAL, NONDISCRIMINATORY BASIS FOR CHARGING APPELLANT WITH COMMUNICATING INSULTING LANGUAGE TO A FEMALE IN VIOLATION OF ARTICLE 134, UCMJ, VICE USING PROVOKING LANGUAGE IN VIOLATION OF ARTICLE 117, UCMJ, OR COMMITTING A SIMPLE DISORDER, IN VIOLATION OF ARTICLE 134, UCMJ, OR WAS THE CHARGE REFERRED BASED ON INVIDIOUS SEX DISCRIMINATION?

II. ASSUMING *ARGUENDO* THAT THERE WAS NO RATIONAL BASIS FOR CHARGING APPELLANT WITH COMMUNICATING INSULTING LANGUAGE TO A FEMALE;

A. HAS APPELLANT BEEN PREJUDICED?

B. MAY THE COURT APPROVE A FINDING OF GUILTY OF USING PROVOKING LANGUAGE IN VIOLATION OF ARTICLE 117, UCMJ, OR ANOTHER OFFENSE?

III. ASSUMING *ARGUENDO* THAT THE SPECIFICATION UNDER CHARGE IV IS NOT UNCONSTITUTIONALLY VAGUE, DOES THE SPECIFICATION ALLEGE AND THE EVIDENCE ESTABLISH BEYOND A REASONABLE DOUBT A VIOLATION OF THE ASCERTAINABLE STANDARD OF CONDUCT PROSCRIBED BY THE OFFENSE OF COMMUNICATING INSULTING LANGUAGE TO A FEMALE IN VIOLATION OF ARTICLE 134, UCMJ? *SEE UNITED STATES V. CHOLEVA,* 33 C.M.R. 599 (N.B.R. 1972); *UNITED STATES V. BEAUREGARD,* 31 C.M.R. 680 (A.F.B. R.1972), *PET. DEN.,* 31 C.M.R. 314 (U.S.C.M.A.1962).

The first and third initial assignments of error lack merit and do not warrant discussion. The remaining assignment and issues will be considered insofar as they are necessary to the disposition of the case.

We find that Charge IV does not allege the offense charged and shall modify the findings and sentence.

Appellant contends that the offense of communicating insulting language to a female is unconstitutionally vague and indefinite because, in effect, it does not provide an ascertainable standard of conduct. The applicable principle is stated in *United States v. Wright,* No. 76 1969 (N.C.M.R. 14 December 1976):

> There can be no question that criminal statutes must provide ascertainable standards of guilt and that men of common intelligence cannot be required to guess at the meaning of an enactment. *Lanzetta v. New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); *Connally v. General Construction Company,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). The criminal code must be definite and informative so that there may be no doubt in the mind of the citizenry that the interdicted act or conduct is illicit.

*Winters v. New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1947).

■ The effect of the construction of Article 134 by the Court of Military Appeals and by other military authorities has narrowed the very broad reach of the literal language of the Article, and at the same time has supplied considerable specificity by way of examples of the conduct which it covers. Therefore, there is a substantial range of conduct to which it clearly applies without vagueness or imprecision. *Parker v. Levy,* 417 U.S. 733, 754, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). If Article 134 fairly warns one of the criminality of his own conduct, he is not entitled to attack it for vagueness because its language does not give similar fair warning with respect to other conduct which might be within its broad or literal ambit. *Id.* at 756, 94 S.Ct. 2547.

■ The *Manual for Courts-Martial* sets forth a sample specification under Article 134 defining as a violation thereof communication of indecent, insulting, or obscene language to a female. MCM, 1969 (Rev.), app. 6, form 158. Turning to the cases construing the foregoing language and the examples of conduct covered, we find an ascertainable standard of conduct. Examination of the reported cases involving communication of insulting language to females reveals that the insulting language proscribed is indecent language. *See United States v. Choleva,* 33 C.M.R. 599 (N.B.R. 1962); *United States v. Beauregard,* 31 C.M.R. 680 (A.F.B.R.1962), *pet. denied,* 31 C.M.R. 314 (U.S.C.M.A.1962).[1] Indecent language is defined in terms of obscenity. *United States v. Wainwright,* 42 C.M.R. 997 (A.F.C.M.R.1970), *aff'd,* 43 C.M.R. 23 (U.S. C.M.A.1970). The terms indecent and obscene refer to that which is grossly offensive to modesty, decency or propriety, or shocks the moral sense because of its vulgar, filthy, or disgusting nature, or its tendency to arouse lustful thoughts. The language used must violate community stan-

---

1. *Beauregard* refers to the dictionary definition of insult as "to treat with insolence, indignity or contempt, by word or action; to affront wantonly." *Webster's New International Dictionary,* at 1289 (2d ed.). The language in that case is in fact indecent.

**1030**

dards of decency and substantially exceed customary limits of candor. *Id.* at 999.

What constitutes legally punishable verbal obscenity is a relative matter which requires consideration of many diverse factors such as fluctuating community standards of morals and manners, the personal relationship existing between a given speaker and his auditor, motive, intent and the probable effect of the communication to mention but a few. The true test of verbal obscenity is whether the particular language is calculated to corrupt morals or excite libidinous thoughts. *United States v. Simmons,* 27 C.M.R. 654 (A.B.R. 1959), *pet. denied,* 27 C.M.R. 512 (U.S.C.M.A.1959). The sufficiency of a specification to allege communication of indecent or obscene language does not require that the words allegedly uttered by the accused be indecent or obscene per se, for even chaste words may be made the medium of expressing obscene thoughts. The necessary attribute of indecency or obscenity can, therefore, be said to be adequately alleged if the language employed by the accused when reasonably construed by community standards, serves to convey a libidinous message whether or not the words themselves are impure. *Id.*

In the case before us, the specification under Charge IV alleges that the accused did at Mess Hall No. 9, Marine Corps Base, Camp Lejeune, North Carolina, orally communicate to Private D, U. S. Marine Corps, a female, certain insulting language, to wit: "swine" or words to that effect. The record reveals that the accused and the victim were assigned to mess duty. The victim and others were "swabbing the main deck." She said to appellant who was standing by idly "Why don't you grab a swab and help, and we'll get done faster." He walked away, saying to her in a belligerent, "smart-alecky" tone of voice, "Swine." The words neither expressly nor by fair implication constitute an indecent communication as they cannot reasonably be construed to convey a libidinous message. Therefore, the specification fails to allege the offense of communicating inde-

cent, obscene, or insulting, language to a female.

The specification alleges by fair implication the elements of the offense of using provoking or reproachful words in violation of Article 117, UCMJ, 10 U.S.C. § 917, and the evidence is sufficient to support a finding of guilty of the lesser offense. *Cf. United States v. Hazard,* 8 U.S.C.M.A. 530, 25 C.M.R. 34 (1957).

In view of our determination, consideration of the equal protection issue is unnecessary. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 324, 56 S.Ct. 466, 80 L.Ed. 688 (1936), *reh. denied,* 297 U.S. 728, 56 S.Ct. 588, 80 L.Ed. 1011 (1936).

Accordingly, only so much of the findings of guilty of Charge IV and its specification is affirmed as finds that the accused used the provoking words alleged towards the private named at the time and place alleged in violation of Article 117, UCMJ. In addition, the findings of guilty of Charge III and its specification and, upon reassessment, only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for 2 months, forfeiture of $120 per month for 2 months and reduction to pay grade E-1 are affirmed.

Senior Judge NEWTON and Judge GRANGER concur.