UNITED STATES, Appellee,

v.

Private First Class Walter D. DAVIS, 248–49–2860, United States Army, Appellant.

ACMR 9100839.

U.S. Army Court of Military Review.

26 Feb. 1992.

For Appellant: Captain James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

ARKOW, Judge:

Appellant was convicted by a military judge sitting as a general court-martial of missing movement through neglect, provoking speech, impersonating a noncommissioned officer, and drunk and disorderly conduct in violation of Articles 87, 117, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 887, 917, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to Private E1. The convening authority approved the adjudged sentence.

Appellant alleges, *inter alia*, that the military judge erred by denying a defense motion for a finding of not guilty as to Charge II (provoking speech) and that the evidence is legally and factually insufficient as to that charge. We disagree.

The standard for determining a motion for a finding of not guilty to be applied by the trial judge is set forth in Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 917(d) [hereinafter R.C.M.]. It provides that such a motion "shall be granted only in the absence of some evidence which, together with all reasonable inferences and applicable presumptions, could reasonably tend to establish every essential element of an offense charged" and that the "evidence shall be viewed in the light most favorable to the prosecution, without an evaluation of the credibility of the witnesses." *Id.* Considering the denial of the motion and testing for legal and factual sufficiency of the evidence, we will examine all the evidence presented on the merits. *See* R.C.M. 917(g).

The evidence concerning the provoking speech charge shows that appellant spent the evening of 28 December 1990 drinking at an enlisted club in Erlensee, Germany, two nights before he was scheduled to deploy to Saudi Arabia for Operation Desert Shield/Storm. During the course of the evening he became engaged in a verbal exchange with a sergeant in the lobby of the club.[1] The military police were summoned to restore order. One of the military policemen, Sergeant (SGT) Timothy S. Melendez, quelled the disturbance and allowed appellant to leave the club and return to his barracks. Shortly thereafter, a short distance from the club, SGT Melendez heard appellant say, "F— you, Sergeant," and "F— the MPs" (military police). At that point SGT Melendez apprehended the appellant.

Appellant contends that as the evidence showed that SGT Melendez was not personally provoked by appellant's language, and that as a military policeman he was trained to deal with such comments in a detached manner, the finding of guilty was legally and factually insufficient. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct.

---

1. This incident led to the drunk and disorderly and impersonating a noncommissioned officer charges.

2781, 61 L.Ed.2d 560 (1979) and *United States v. Turner*, 25 M.J. 324 (C.M.A.1987). In reliance upon this contention, appellant cites *United States v. Thompson*, 46 C.M.R. 88 (C.M.A.1972).[2] In *Thompson*, the accused was in confinement and shouted to a guard standing outside his locked cell, "Don't yell at me or I'll wring your ―――― neck." The Court of Military Appeals, in setting aside a finding of guilty to a violation of Article 117, UCMJ, reasoned that because the perpetrator was in a locked cell and could not be reached by the victim there was no reasonable tendency that those words would provoke a breach of the peace.

In the Manual for Courts–Martial, "provoking" and "reproachful" words are defined as those "which a *reasonable person* would expect to induce a breach of the peace under the circumstances." Manual for Courts–Martial, United States, 1984, [hereinafter MCM, 1984], Part IV, para. 42 (emphasis added). Accordingly, the crux of the issue before us is whether under the circumstances of this case a reasonable person would expect the words "F― you, Sergeant" to induce a breach of the peace.[3] We believe they would.

Under the circumstances in *Thompson*, a reasonable person would not expect a confined prisoner to induce a breach of the peace by the use of provoking words. Here, the words would be expected to induce a breach of the peace. SGT Melendez had just permitted appellant to return to his barracks after the latter participated in a disturbance at an enlisted soldiers' club. A short time later and near the club, appellant became loud and unruly by his cursing at SGT Melendez, thereby causing SGT Me-

lendez to apprehend appellant for that very conduct.

In *United States v. Hazard*, 25 C.M.R. 34 (C.M.A.1957), a prisoner who was mounting a truck to return to the stockade from a work detail said to his guard, "I'd better not catch you outside." The Court of Military Appeals concluded that the words had "at least a tendency" to induce a breach of the peace and thus were provoking under Article 117, UCMJ. *Id.* at 37. Thus, the fact that the victim was a military policeman and would be expected not to be provoked by threats of violence does not preclude an Article 117 conviction.

■ It is not necessary that the words have to be a challenge to do violence as in *Thompson* and *Hazard*. Insulting words can also be provoking. For example, calling a female Marine private a "swine" in a belligerent and "smart-alecky" tone has been held to be provoking and reproachful within the meaning of Article 117. *United States v. Linyear*, 3 M.J. 1027 (N.C.M.R. 1977), *petition denied*, 5 M.J. 269 (C.M.A. 1978).

Here, appellant used words that are not threatening but are nonetheless provoking and reproaching to a reasonable person because of their tendency to lead to quarrels, fights, or other disturbances. Accordingly, they constitute a violation of Article 117, UCMJ.

■ The test for legal sufficiency is whether a reasonable fact finder, viewing the evidence in a light most favorable to the government, could have found all the essential elements of the charged offense. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct.

---

**2.** *Thompson* traces the long history of Article 117, UCMJ, which dates back to the Ordinance of Richard I, A.D. 1190. It was designed to prevent disputes between soldiers participating in the Third Crusade. Article 117 had its beginning in U.S. military law in 1775 as part of a prohibition against dueling and was later placed in a separate article. Winthrop notes that the objective of Article 117's predecessor prohibition was to "check such manifestations of a hostile temper as, by inducing retaliation, might lead to duels or other disorders." Winthrop, Military Law and Precedents 590 (2d ed., reprint 1920). The Manual for Courts–Martial, United States Army, 1917, para. 440, defined

what constituted reproachful and provoking speeches or gestures to another under the Articles of War, Code of 1916, Ninetieth Article. It provided, "[t]he article is intended to prevent what frequently are the first steps toward quarrels, fights, or serious offenses.... Provoking speeches and gestures are such as tend to exasperate or to arouse anger and resentment."

**3.** A breach of the peace can involve either physical acts of a turbulent nature or loud speech and unruly conduct. MCM, 1984, Part IV, para. 41c.

2781, 61 L.Ed.2d 560 (1979). Applying this test, we find the evidence legally sufficient to support the finding of guilty of a violation of Article 117, UCMJ. Appellant's comments, "F— you, Sergeant," made a short time after SGT Melendez quelled a disturbance in which appellant was a participant was clearly provocative and had a tendency to exasperate and arouse anger and resentment in any reasonable person, be it a military policeman, a noncommissioned officer, or any other soldier.

After weighing the evidence and making allowances for not having personally observed the witnesses, we are satisfied beyond a reasonable doubt of appellant's guilt. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

We have also examined the assertions of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge HAESSIG concur.