## UNITED STATES

v.

**David C. WEBB, 092–60–5067 Electronics Technician Second Class (E–5), U.S. Navy.**

### NMCM 92 2540.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 29 June 1992.

Decided 22 Nov. 1993.

LT Gerard Wm. Wittstadt, Jr., JAGC, USNR, Appellate Defense Counsel.

LT R.W. Sardegna, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., and WELCH and ORR, Senior Judges.

ORR, Senior Judge:

■ Consistent with his pleas, the appellant was convicted of nine specifications of communicating indecent language over the telephone to nine different women on nine separate occasions over a period of about 14 months in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. To commit these offenses, the appellant used the base newspaper to obtain the phone numbers of women who were seeking child care. He would call those numbers, disguise his voice so he would sound like a woman, and seek to engage the women who answered the calls in a conversation about sexual intercourse. He would generally lead into each a conversation by ascertaining if the woman had recently given birth and then asking about breast feeding. How far into the conversation the appellant got in each instance varied a great deal within the nine specifications. We specified the following issue in regard to the two most innocuous allegations:

DOES THE LANGUAGE USED BY THE APPELLANT AS ALLEGED IN SPECIFICATIONS 4 AND 6 OF THE CHARGE, IN THE CONTEXT IN WHICH THE APPELLANT ADMITTED USING SUCH LANGUAGE DURING THE PROVIDENCE INQUIRY, CONSTITUTE INDECENT LANGUAGE AS DEFINED IN THE Manual for Courts–Martial, United States, 1984, ¶ 89, AND APPLIED IN *United States v. French*, 31 M.J. 57 (C.M.A.1990)?

In the first of these two specifications, the appellant admitted to communicating the question: "Are you breast feeding?" In the second, he said: "I have a several month old baby and I am breast feeding." In each instance the appellant stated the woman he called terminated the conversation before he could make a more scatological remark or inquiry.

The 1984 Manual for Courts–Martial defines "indecent" language as "that which is grossly offensive to modesty, decency, or propriety, or shocks the moral sense, because of its vulgar, filthy, or disgusting nature, or its tendency to incite lustful thought." Manual for Courts–Martial, United States, 1984 (M.C.M.) ¶ 89c. It also states that "[t]he language must violate community standards." *Id.* Based upon the appellant's responses during the providence inquiry, we have no doubt that, from his subjective perspective, the appellant asked his questions or uttered his remarks to incite lustful thought. But our concern is whether the language used *objectively* satisfies this definition and the extent to which attending circumstances may be considered in resolving that question. "For the act of communicating indecent language ... there is no additional requirement that it be done with the intent to gratify the 'sexual desires of the accused.' All that is necessary is that the specification allege that the accused communicated an indecent message." *French*, 31 M.J. at 60. The issue

then *is not* what message the appellant thought he was communicating but whether the message (e.g., the language alleged) was in fact indecent.

The Court of Military Appeals in *French* was addressing the question whether the specification alleging the use of indecent language failed to state an offense when the defense had unsuccessfully challenged the adequacy of the specification at trial. In the case now before us, no such challenge was made either at trial or in the assignments of error initially submitted to us by the appellant. Consequently, as the Government points out in its reply brief on this specified issue:

> [W]hen an accused pleads guilty to the offense and only challenges the specification for the first time on appeal ..., [the] specification need not expressly allege all elements of an offense, but it must at least aver all elements by implication. Further, upon such a challenge, an appellant must show substantial prejudice, demonstrating that the charge was "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had."

*United States v. Bryant*, 30 M.J. 72, 73 (C.M.A.1990) (citations omitted).

In his dissenting opinion in *French*, former Chief Judge Everett criticizes the majority for going outside the four corners of the specification to consider the circumstances in which the language alleged was used to uphold a specification that was challenged at trial and states that "[a]lleging the *conclusion* of indecency is not tantamount to alleging either words that are indecent or *circumstances* under which words were uttered that make them indecent." *French*, 31 M.J. at 63 (Everett, C.J., dissenting). Judge Cox, in writing the lead opinion in *French*, relied upon information in another specification to uphold the challenged specification when he stated:

> All that is necessary is that the specification allege that the accused communicated an indecent message. This was adequately

done here, particularly in light of the other specification, to which appellant had no objection, alleging that at an earlier time, appellant had told the same stepdaughter that he "has been fantasizing about having sex with" her.

*French*, 31 M.J. at 60.

The challenged specification had alleged that French had asked a female child (one of his stepdaughters),[1] who was under the age of 16 years and who was not his wife, if he could climb into bed with her. The majority of the Court acknowledged that while "[e]ach word [of the request] individually is chaste, if not innocuous ..., [a]s a whole, however, the language certainly convey[ed] an indecent message." *Id.* When considered in light of the "fantasizing" words of the other specification, the meaning of words that are susceptible of conveying two different messages, one indecent and the other innocent, becomes easily understood as the former. That is equally the situation in the case before us now.

If a specification challenged at trial can be considered adequate based on other information alleged in other specifications, we need say nothing more about the specifications we have questioned when the appellant pled guilty and admitted at trial that while "some of these conversations wouldn't have been considered indecent [if actually between two females], but because I was a male and I was disguising my voice and I was trying to incite a lustful conversation [which he defined as "sexual conversations"]. That's the reason why I believe it was indecent." Record at 24.

Consequently, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See also United States v. Linyear*, 3 M.J. 1027 (N.C.M.R.1977).

■ As for the appellant's assignments of

---

1. Although the exact language of the specification as it was finally worded at trial is not quoted

in the three opinions in *French*, it appears that

error,[2] we find an unsuspended bad-conduct discharge to be an appropriate punishment under the circumstances of this case. The appellant's remaining assignments of error are also without merit. *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf*, 35 M.J. 450 (C.M.A.1992).

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge LARSON and Senior Judge WELCH concur.

the relationship between French and the female child was not alleged in the specification.

**2.** I. AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE FOR THIS OFFENDER. (FOOTNOTE OMITTED.)

II. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

IV. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

V. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)