# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman CHRISTOPHER W. DALTON
### United States Air Force

## ACM 38463

## 16 December 2014

Sentence adjudged 8 July 2013 by GCM convened at Royal Air Force Lakenheath, United Kingdom. Military Judge: Jefferson B. Brown (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Daniel J. Breen; Major Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

WEBER, Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of two specifications of possessing child pornography, one specification of accessing child pornography, one specification of receiving child pornography, and one specification of communicating indecent language, all in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1.

The appellant raises two assignments of error before this court: (1) the two specifications of possessing child pornography are lesser included offenses of the specification of receiving child pornography and therefore represent multiplicious charging; and (2) his plea to communicating indecent language is improvident when his admissions indicate that the communication was likely between two consenting adults via a private internet chat session, and the appellant fabricated the conversation. We find no error materially prejudicial to a substantial right of the appellant and affirm.

*Background*

The appellant's misconduct came to light when an internet photo sharing website flagged three pictures the appellant posted as possible child pornography. Officials from the website passed this information to civilian law enforcement officials and the Air Force Office of Special Investigations (AFOSI). Once AFOSI obtained investigative jurisdiction, it sought and received authorization to search the appellant's computer media devices. That search authorization was the subject of significant motions practice at trial. The military judge found that the search authorization was not supported by probable cause and that the good faith exception to the exclusionary rule did not apply. However, he concluded that the inevitable discovery doctrine did apply and did not warrant suppressing the evidence obtained from the search.

The search revealed that the appellant searched for, downloaded, and possessed multiple images of child pornography on his computer media devices. The Government introduced 29 such images at trial. The search also revealed an internet chat session log containing communications between the appellant and a person who held him or herself out to be an 11-year-old girl. In that chat session, the appellant voiced a desire to rape the purported 11-year-old girl as well as the girl's 4-year-old sister. During a later conversation, the appellant said he had earlier raped a 9-year-old girl.

At trial, the appellant pled guilty to the charge and its specifications pursuant to a pretrial agreement. One of the agreement's terms, initiated by the defense, required the appellant to waive all waivable motions. The agreement specifically noted that one such motion the appellant waived was the defense's suppression motion arising from the search authorization. Defense counsel also noted several other possible motions the appellant was agreeing to waive as part of this provision, including a motion for multiplicity that the defense had apparently filed but was not included in the record of trial due to the waiver.

*Multiplicity*

The appellant alleges that the specifications of possessing child pornography are multiplicious with the receiving child pornography specification. At trial, the military judge sua sponte elected to merge for sentencing purposes the specifications of accessing and receiving child pornography with the two specifications of possessing child

pornography. The military judge ruled the two sets of specifications were not legally multiplicious. He also stated he recognized he could dismiss two of the specifications as an unreasonable multiplication of charges under *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), but declined to do so.

In *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009), our superior court held that a "waive all waivable motions" provision waived, rather than forfeited, a claim of multiplicity on appeal and therefore the multiplicity claim was extinguished and could not be raised on appeal. The court held this issue was waived even though the defense counsel did not specifically mention multiplicity as a motion that was initially considered but affirmatively waived by the provision. *Id.* In *Gladue*, the court held multiplicity was waived because the pretrial agreement required the appellant to waive "all" waivable motions, the military judge conducted a thorough inquiry to ensure the appellant understood the effect of this provision, and the appellant explicitly indicated his understanding that he was waiving the right to raise any waivable motion. *Id.*

Consistent with *Gladue*, we find the appellant has waived his right to raise the issue of multiplicity on appeal. The military judge conducted a thorough inquiry concerning the "waive all waivable motions" provision, and the appellant affirmatively voiced his understanding that this provision waived his right to raise any waivable motion on appeal. In fact, defense counsel affirmatively indicated he had previously submitted a motion concerning multiplicity, and this motion was now being waived by this provision. The appellant agreed that this provision "precludes th[e] [trial] court, or any appellate court, from having the opportunity to determine if [he was] entitled to any relief based upon those motions the defense counsel just discussed he would have raised." In addition, the defense was certainly aware of the possibility of raising a multiplicity issue, because the military judge had just merged specifications for sentencing and explained his decision not to find the specifications multiplicious or an unreasonable multiplication of charges for findings purposes. The appellant has waived this issue, and therefore he is not entitled to relief on this issue.

*Guilty Plea Providence*

The appellant also alleges that his guilty plea to communicating indecent language is improvident because: (1) his admissions indicated that the communication was likely between two consenting adults via a private internet chat session; and (2) the conversation was fabricated by the appellant. We disagree.

"In reviewing the providence of Appellant's guilty pleas, we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it." *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007) (citing *United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004)). A military judge abuses this discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to

support the plea during the providence inquiry. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). This is an area in which the military judge is entitled to "significant deference." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)).

Our reviewing standard for determining if a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *Id*.; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). At trial, the military judge must ensure the accused understands the facts that support his guilty plea and be satisfied that the accused understands the law applicable to his acts. *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *Care*, 40 C.M.R. at 250–51); *Jordan*, 57 M.J. at 238.

To sustain a guilty plea to indecent language, the appellant's communication must have the "tendency to incite lustful thought" or be "grossly offensive to modesty, decency, or propriety, or shock[] the moral sense, because of its vulgar, filthy, or disgusting nature." *United States v. Negron*, 60 M.J. 136, 144 (C.A.A.F. 2004). Indecency "depends on a number of factors, including but not limited to fluctuating community standards of morals and manners, the personal relationship existing between a given speaker and its auditor, motive, intent and the probable effect of the communication." *United States v. Hullett*, 40 M.J. 189, 191 (C.M.A. 1994) (quoting *United States v. Linyear*, 3 M.J. 1027, 1030 (N.C.M.R. 1977)) (internal quotation marks omitted).

In the providence inquiry, the appellant affirmatively and repeatedly admitted that his language toward a purported 11-year-old girl was indecent and service discrediting. Although he stated that he did not know the identity of the other party, and that the nature of the other party's communication made him think that person might have been an adult, the appellant nonetheless admitted that his vocalization of a fantasy of raping an 11-year-old girl and her 4-year-old sister was indecent and service discrediting. He stated that his language "dealt with fantasies that would be a crime if acted upon," would cause members of the community to be "shocked" by his "vulgar and disgusting comments," and "reasonably tend[ed] to corrupt morals." He also agreed that his comments, in which he had identified himself as a military member, would be "vastly discrediting."

In addition, the military judge specifically identified the very issue of which the appellant now complains. At the conclusion of the providence inquiry, the following exchange took place:

> MJ: Let me just ask a general question of both trial and defense counsel—actually I'll ask it of trial counsel regarding the indecent language specification. Is the government's position that it is—that even if this [purported 11-year-old girl] was a male that was purporting to be a minor for sexual fantasy purposes, that this would still constitute an offense?

TC: Yes, Your Honor. And we always knew that we'd probably never identify the actual age, and so we went off that assumption from the beginning.

MJ: All right; so as far as—so since this was a private messaging between two individuals, two individuals that seemed to be actively engaged, is—and I don't know, has either trial or defense counsel looked at the—for two individuals that both appear to be engaged in a conversation, although it's a fantasy type one involving child rape, whether or not that would constitute an offense under indecent language, or whether or not any First Amendment or any other concerns might come into play? I don't know if there are any cases out there, so I don't know if either trial or defense had actually looked at that.

TC: No, Your Honor.

[Senior Defense Counsel (SDC)]: Your Honor, I'm not aware of any cases that are directly on point. But I think this would be analogous to indecent exposure type cases where it's not necessary that the government proved that somebody else actually did see the indecent exposure, just that it could have been seen. And I think that we have a situation here where as [the appellant] has admitted, and there were situations where individuals could use what you say to blackmail; it's possible that other people could have learned of this chat.

MJ: Or that it could have been someone—because he didn't know who this individual that he's talking to is, that the individual could have been someone young, and he was reckless in saying these kinds of things, because it could've been someone—

SDC: Not only that, it could've been law enforcement.

MJ: It could have been law enforcement. So just so I understand; so to a certain extent there's a repulsive type sexual fantasy discussion and that is happening between two personas; one the accused and the other this other individual, that part of indecency is obviously what they're discussing, but also that the accused had not identified really who this person was, whether or not they really were young, what the

circumstances were. And it might be a very different situation if he had a good friend, 20-year-old, and they decided to play act, and he identified who he was; that might be a different situation than what we have here. Would you agree with that?

TC: Yes, Your Honor. And not only because that person wasn't identified, but also because he seemed to identify himself as a military member during the chat.

MJ: Understand; and you concur with that as well, defense?

SDC: Yes, Your Honor.

MJ: And Airman Dalton, the reason we had that discussion is I just wanted to have a good sense as to sort of what the theory of the government was, as well [as] the defense, is that in determining whether or not this is indecent, and whether or not I'm going to accept your plea, I have to look at the totality of the conversation; and that might include whether or not it was fantasy role-playing, and all those types of things as well; whether or not the individual was actively participating, those types of things. But do you agree that you didn't really know who this individual was and whether or not this person may or may not have been a child, that that was something that could have contributed to being indecent?

[Appellant]: I would agree with that, sir.

Under these circumstances, and particularly given the graphic and disturbing language the appellant used, we have no difficulty concluding that the appellant's guilty plea was provident. The military judge specifically identified the issue now raised on appeal, and the appellant and his counsel affirmatively asserted that the plea was provident, despite the possibility that the appellant was engaged in fantasy role-playing or communicating with an adult. We see no substantial basis in law or fact for questioning the plea and find the military judge did not stray out of bounds from the "significant deference" afforded him in this area.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court